UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
FEB 1 7 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| CHERI BRADFORD<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | C.A. NO. <u>A08CA718JN</u> |
| NEW HAMPSHIRE INSURANCE<br>COMPANY, AIG DOMESTIC<br>CLAIMS, INC., AND AIG CLAIM<br>SERVICES, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## **DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY**

Defendants New Hampshire Insurance Company and AIG Domestic Claims, Inc. (f/k/a AIG Claim Services, Inc.) respectfully request that the Court stay all discovery in this lawsuit, pursuant to Federal Rule of Civil Procedure 26(c), pending resolution of Defendants' motion to dismiss for lack of jurisdiction over the subject matter.

Plaintiff Cheri Bradford brought this lawsuit alleging claims for violations of the Texas Insurance Code, breach of the common-law duty of good faith and fair dealing, and violations of the Texas DTPA. (Orig. Compl. ¶¶ 4.1-4.9, 5.1-5.2, 7.1-7.2) Bradford's claims all stem from Defendants' handling of a claim for workers' compensation benefits for an on-the-job-injury. Contemporaneous with this motion, Defendants have filed a Motion to Dismiss under Rule 12(b)(1) for Lack of Jurisdiction over the Subject Matter. Because Defendants' motion to dismiss raises a substantial jurisdictional issue that would dispose of Bradford's claims and

preclude the need for any further discovery, the Court should stay discovery until it has considered and determined the motion to dismiss.[1]

Rule 26(c) provides the Court with broad discretion to issue "any order which justice requires to protect a party or person from . . . undue burden or expense." FED. R. CIV. P. 26(c). Defendants have filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). As shown in Defendants' motion, the Texas Department of Insurance—Division of Workers' Compensation has exclusive jurisdiction over whether Bradford is entitled to the benefits she claims were wrongfully denied. Because Bradford never obtained "a determination by the [Division] that such benefits were due," the courts have no jurisdiction to hear Bradford's claims. *See Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001).

No discovery is needed to resolve Defendants' motion to dismiss. If granted by the Court, Defendants' motion would preclude the need for *any* additional discovery, saving time and expense. Moreover, Bradford's jurisdictional defect cannot be fixed and would preclude her from bringing her claims in any court. Therefore, any discovery undertaken while waiting on the Court's ruling would be unduly burdensome and expensive. *See Landry v. Air Line Pilots Ass'n AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (concluding that the movant met its burden under Rule 26(c) by showing that discovery was not needed to resolve a dispositive motion and might not be needed at all if the motion was granted); *see also Dresser v. MEBA Med. & Bens. Plan*, No. 08-2662, 2008 U.S. Dist. LEXIS 55356, at *4-5 (E.D. La. July 10, 2008) (same).

Defendants' counsel has conferred with counsel for Bradford in a good-faith attempt to resolve this matter by agreement. Bradford's counsel stated that he is opposed to a stay of discovery.

---

[1] The discovery in the case so far has been limited to the following: (1) Rule 26 initial disclosures; (2) each party has responded to one set of interrogatories and requests for production; and (3) each side has taken one deposition.

2

## PRAYER

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and stay all discovery until the Court rules on Defendants' Motion to Dismiss under Rule 12(b)(1) for Lack of Jurisdiction over the Subject Matter. Defendants also pray for any other and further to which they may be entitled.

Respectfully submitted,

*Thomas Wright*
Thomas C. Wright
State Bar No. 22059400
WRIGHT BROWN & CLOSE, LLP
Three Riverway, Suite 600
Houston, Texas 77056
P: (713) 572-4321
F: (713) 572-4320

ATTORNEYS FOR DEFENDANTS
NEW HAMPSHIRE INSURANCE COMPANY, AIG DOMESTIC CLAIMS, INC., AND AIG CLAIM SERVICES, INC.

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record by hand delivery on February 17, 2009:

    Michael Patrick Doyle
    Patrick M. Dennis
    DOYLE RAIZNER LLP
    One Houston Center
    1221 McKinney, Suite 4100
    Houston, Texas 77010

    Attorneys for Plaintiff, Cheri Bradford

_____
Thomas C. Wright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHERI BRADFORD<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | C.A. NO. <u>A08CA718JN</u> |
| NEW HAMPSHIRE INSURANCE<br>COMPANY, AIG DOMESTIC<br>CLAIMS, INC., AND AIG CLAIM<br>SERVICES, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## **ORDER**

The Court has considered Defendants' Opposed Motion to Stay Discovery, any response thereto, and the argument of counsel, if any, and is of the opinion Defendants' motion should be **GRANTED**.

It is therefore **ORDERED** that all discovery in this case shall be stayed until the Court rules on Defendants' Motion to Dismiss Under Rule 12(b)(1) for Lack of Jurisdiction over the Subject Matter.

Signed this _____ day of _____, 2009.

_____
JUDGE PRESIDING