UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHERI BRADFORD | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO. A08CA718JN |
| | § | |
| NEW HAMPSHIRE INSURANCE | § | |
| COMPANY, AIG DOMESTIC | § | |
| CLAIMS, INC., AND AIG CLAIM | § | |
| SERVICES, INC. | § | JURY DEMANDED |
|     *Defendants* | § | |

**DEFENDANTS' OPPOSED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants New Hampshire Insurance Company and AIG Domestic Claims, Inc. (f/k/a AIG Claim Services, Inc.) respectfully request reconsideration of the Court's March 2, 2009 Order denying Defendants' motion to stay discovery. Defendants acknowledge that the Court has discretion in deciding this matter. To the extent the Court's decision is based solely on the grounds set forth on the first page of the Court's order, Defendants would accept that ruling. However, Defendants object to the Court's statement that the timing of Defendants' motion "indicates a form of gamesmanship" on the part of Defendants. (Order at 2) To the extent the Court's ruling was in any way based on this statement or a belief that Defendants acted with improper motives, Defendants request that the Court reconsider its ruling. At a minimum, Defendants respectfully request that the Court amend its March 2, 2009 Order to remove the first full paragraph on page 2 of the Order.

Defendants' motion to stay discovery was not filed as any sort of gamesmanship. This is not a case where discovery might be useful in some other forum if the Court were to grant Defendants' motion to dismiss. If that motion is granted, Plaintiff Cheri Bradford cannot bring

her claims in any court because she did not obtain a determination from the Texas Department of Insurance—Division of Workers' Compensation that she is entitled to the benefits she claims were wrongfully denied.  Thus, the discovery will have been a waste of time for all concerned.

The Court apparently took at face value a statement in Bradford's Motion to Compel Depositions and Response to Defendants' Opposed Motion to Stay Discovery that Defendants "made this decision to cut-off all discovery after taking the deposition of Ms. Bradford, without allowing Ms. Bradford to take the depositions of the adjusters who handled her claim."  (Pl.'s Mot. to Compel Depos. and Resp. to Defs.' Mot. to Stay Discovery at 2)  Bradford neglected to mention that, on the same day Bradford gave her deposition, Defendants presented for deposition Cammie McClennen, the adjuster who signed the initial denial.  (*See* Ex. A, Excerpts from 2/16/09 Deposition Transcripts of Cheri Bradford and Cammie McClennen)  Bradford's counsel deposed McClennen for two-and-a-half hours, close to the same length of time that Bradford was deposed.  (*Id.*)  No other witness on either side had been noticed for deposition at the time Defendants filed their motion to dismiss and motion to stay discovery.

Defendants' motion to dismiss and the associated motion to stay were essentially completed shortly before the scheduled date for the two depositions.  After determining that Defendants' motion to stay could not be heard before those depositions, Defendants decided to hold off on filing the motions until after the scheduled date on which both Bradford and McClennen would be deposed.  In so doing, Defendants' intent was to file the motions at a time when there was no outstanding discovery.  However, after the close of business on the Friday immediately before the two Monday depositions, Bradford's counsel faxed a letter to Defendants' counsel requesting, for the first time, deposition dates for other adjusters who had worked on Bradford's file.  (Ex. B, 2/13/09 letter from Patrick Dennis to Thomas Wright and

Tod Phillips (bearing fax time stamp of 8:43 PM))  After the two scheduled depositions were completed, Defendants filed their motions, and their counsel advised Bradford's counsel that, in light of the pending motions and the fact that the discovery period would not expire for another six months, "we believe it would be premature to discuss dates for additional depositions at this time."  (Ex. C, 2/17/09 letter from Tod Phillips to Patrick Dennis)  At no time did Defendants "refuse[] to allow the depositions" of anyone, as no depositions were ever noticed or scheduled.  (*See* Pl.'s Mot. to Compel and Resp. to Mot. to Stay at 3)

Defendants' counsel has conferred with counsel for Bradford in a good-faith attempt to resolve Defendants' request for reconsideration by agreement.  Bradford's counsel stated that he is opposed to the relief sought in this motion.

## CONCLUSION AND PRAYER

Defendants and their counsel are understandably concerned with the Court's assertion that their actions constitute "gamesmanship," a belief that may have formed as a result of misleading statements in Bradford's response to the motion to stay discovery.  Accordingly, Defendants respectfully request that the Court amend its March 2, 2009 Order to strike any suggestion that Defendants engaged in such behavior, or, if the Court's belief played any role in the Court's decision to deny Defendants' motion, reconsider that ruling.

Respectfully submitted,

/s/Thomas C. Wright
Thomas C. Wright
State Bar No. 22059400
WRIGHT BROWN & CLOSE, LLP
Three Riverway, Suite 600
Houston, Texas  77056
P: (713) 572-4321
F: (713) 572-4320

ATTORNEYS FOR DEFENDANTS
NEW HAMPSHIRE INSURANCE
COMPANY, AIG DOMESTIC CLAIMS,
INC., AND AIG CLAIM SERVICES, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Michael Patrick Doyle
    Patrick M. Dennis
    DOYLE RAIZNER LLP
    One Houston Center
    1221 McKinney, Suite 4100
    Houston, Texas  77010

    Attorneys for Plaintiff, Cheri Bradford

                        /s/Thomas C. Wright_____
                        Thomas C. Wright